UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLOTTE JONES                      CIVIL ACTION

VERSUS                               NUMBER 12-664-JJB-SCR

CITY-PARISH OF BATON ROUGE, ET
AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, December 7, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CHARLOTTE JONES

                                         CIVIL ACTION

VERSUS

                                         NUMBER 12-664-JJB-SCR

CITY-PARISH OF BATON ROUGE, ET
AL.


**<u>MAGISTRATE JUDGE'S REPORT</u>**

Before the court is Plaintiff's Motion Remanding Case Back to State Court filed by plaintiff Charlotte Jones.[1]  Record document number 2.  No opposition has been filed.

Plaintiff filed this action in state court seeking an injunction and temporary restraining order against defendant City-Parish of Baton Rouge, Baton Rouge Police Department, Office of Criminal Records (hereafter, "City of Baton Rouge").  In her Petition for Injunction and Temporary Restraining Order the plaintiff alleged that the defendant discriminated against her due to race and sex (pregnancy), and retaliated against her.[2] Plaintiff filed a complaint with Equal Employment Opportunity Commission ("E.E.O.C.") and the Human Resources Department for the

_____

[1] Plaintiff's motion names an additional plaintiff, Lance A. Jones.  Plaintiff did not attached a copy of any order issued by the state court which joined Lance A. Jones as a party. For the reasons discussed in this recommendation, the plaintiff has not established that the defendant was required to attach any such order to its Notice of Removal.

[2] Record document number 1, attached Petition for Injunction and Temporary Restraining Order, ¶ 4.

Cit-Parish of Baton Rouge.[3]  Plaintiff alleged that the defendant City of Baton Rouge was "attempting to terminate and or suspend [her] without due-process, based on her pregnant status, retaliation for filing complaints with the E.E.O.C. and Human Resources Department for City-Parish, race discrimination, and retaliation for taking FMLA (Family Medical Leave Act)."[4] Plaintiff requested that the defendant be prohibited from terminating, harming, or harassing her.

Plaintiff subsequently amended her petition and alleged that she was terminated on September 18, 2012 in retaliation for exercising her rights under the FMLA.[5]  Plaintiff sought equitable relief in the form of back-pay and reinstatement.[6]

Defendant City of Baton Rouge removed this action under 28 U.S.C. § 1331, and alleged that the plaintiff asserted Title VII and FMLA claims which arose under federal law, specifically 42 U.S.C. § 1983, 42 US § 2000e, et seq., and 29 U.S.C. § 2601, *et seq*.

Plaintiff moved to remand on the ground that the Notice of Removal was procedurally deficient because the state court record

---

[3] *Id*.

[4] *Id*. at ¶ 6.

[5] Record document number 1, attached Plaintiff's Supplemental and Amending Petition, ¶ 12.

[6] *Id*. at ¶¶ 13 and 14.

filed with the notice of removal was not complete.  Plaintiff also argued that her petition was filed under state law, namely La.C.C.P. art. 3601.  Plaintiff noted that her claims for damages under federal law were filed in a separate action currently before this court.[7]

## **Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists.  *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995).  The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns.  *Frank, supra*.  Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction.  *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

The jurisdictional facts that support removal must be judged at the time of removal.  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  Absent diversity of citizenship, removal is appropriate only for those claims within the federal question jurisdiction of the district courts.  28 U.S.C. § 1331.  Under the

---

[7] *Jones v. City-Parish of Baton Rouge, et al.,* CV 12-626-JJB-MJU.

3

"well pleaded complaint" rule, as discussed in *Franchise Tax Board v. Construction Laborers Vacation Trust*,[8] federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  A case may not be removed to federal court unless the plaintiff's complaint establishes that the cause of action arises under federal law.[9]  However, a federal court may find that a plaintiff's claim arises under federal law even though the plaintiff has not characterized it as a federal claim.  *Frank*, 128 F.3d at 922; *Aquafaith Shipping Ltd. v. Jarillas*, 963 F.2d 806, 808 (5th Cir.), *cert. denied*, 506 U.S. 955, 113 S.Ct. 413 (1992).

It is well established that the "arising under" language of § 1331 has a narrower meaning than the corresponding language in Article III of the U. S. Constitution, which defines the limits of the judicial power of the United States.  Federal question jurisdiction under § 1331 extends to cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of the substantial question of federal law. *Franchise Tax Board*, 463 U.S. at 27-28, 103 S.Ct. at 2855-56; *Frank v. Bear Stearns & Company*, *supra*.  A defendant may not remove on the basis of an anticipated or even inevitable federal defense, but

---

[8] 463 U.S. 1, 103 S.Ct. 2841 (1983).

[9] *Id*., at 10-11, 103 S.Ct. at 2846-47.

4

instead must show that a federal right is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First National Bank*, 299 U.S. 109, 111, 57 S.Ct. 96, 97 (1936).

## Analysis

A review of the factual allegations in the plaintiff's petition demonstrates that her requests for an injunction and a temporary restraining order turn on substantial questions of federal law.  Both Title VII and the FMLA permit equitable relief, e.g. back-pay or reinstatement, if a violation is proven.[10]   To obtain a preliminary or permanent injunction under La.C.C.P. art. 3601, the plaintiff is required to make a prima facie showing that she will prevail on the merits of her claim.[11]   Thus, the plaintiff's requests for an injunction and temporary restraining order are dependent on whether the defendant committed violations of Title VII and the FMLA.   Moreover, the Plaintiff's First Supplemental and Amended Petition demands equitable relief bases on her claim that she was terminated in retaliation for exercising her FMLA rights.[12]

Because these federal laws must be construed and applied to

---

[10] See, 42 U.S.C.A. § 2000e-5(g) and 29 U.S.C. §2617(a)(1)(B).

[11] *Mary Moe, L.L.C. v. Louisiana Bd. of Ethics*, 03-2220, 9 (La. 4/14/04), 875 So.2d 22, 29.

[12] Record document number 1-2, pp. 28-29, attached Plaintiff's First  Supplemental and Amended Petition, ¶ 12.

resolve the issues underlying the claims asserted in the plaintiff's lawsuit, federal question jurisdiction under 28 U.S.C. § 1331 exists.

Plaintiff's argument that the Notice of Removal is procedurally deficient because the defendant failed to file the complete state court record is equally unpersuasive. Plaintiff argued that a motion and order adding a plaintiff was filed on October 17, 2012 in state court but were missing from the record filed with the notice of removal on October 19, 2012.[13]  However, the plaintiff failed to establish that these filings had been served on the defendant at the time the case was removed.[14]

## **Recommendation**

It is the recommendation of the magistrate judge that the Plaintiff's Motion Remanding Case Back to State Court be denied.

Baton Rouge, Louisiana, December 7, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[13] Plaintiff asserted that the removal was filed on October 17, 2012.  A review of the record shows that the removal was filed in this court on October 19, 2012 and a notice was filed in state court on October 17, 2012.

[14] 28 U.S.C. § 1446(a) requires the notice of removal include a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.